**UNITED STATES of America, Appellee**

v.

**Tony HERRION, Appellant.**

**No. 04–3069.**

United States Court of Appeals, District of Columbia Circuit.

Jan. 4, 2007.

John Robert Fisher, Assistant U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Appellee.

Allen Howard Orenberg, The Orenberg Law Firm, PC, North Bethesda, MD, for Appellant.

Before HENDERSON, RANDOLPH, and TATEL, Circuit Judges.

### JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. It is

**ORDERED AND ADJUDGED** that appellant's conviction be affirmed. Officer Jones' observation of appellant's furtive gestures, coupled with the observation of appellant's feet touching the firearm, provided probable cause to effect an arrest, *see Sibron v. State of New York*, 392 U.S. 40, 66–67, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968); *United States v. Broadie*, 452 F.3d 875, 883 (D.C.Cir.2006), and to conduct a search incident to arrest, *see, e.g., New York v. Belton*, 453 U.S. 454, 460, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981). Moreover, there was sufficient evidence to support appellant's conviction under 18 U.S.C. § 922(g)(1) for unlawful possession of a firearm by a felon. The only issue in dispute was whether appellant constructively possessed the firearm. Appellant's proximity to the firearm, coupled with his furtive gestures, were sufficient to establish that he constructively possessed the firearm. *See United States v. Moore*, 104 F.3d 377, 381 (D.C.Cir.1997); *see also United States v. Gibbs*, 904 F.2d 52, 57 (D.C.Cir.1990). This conclusion is further supported by the fact that the government presented evidence that appellant had admitted to ownership of a syringe and drug paraphernalia that were near the firearm. See *United States v. Booker*, 436 F.3d 238, 242 (D.C.Cir.2006) ("[W]e reaffirm that 'evidence of a defendant's possession of [guns] can properly be used to show his connection to [drugs]' . . . and vice versa.") (internal citations omitted).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.

*See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.